# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL HARRIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:19-cv-02937-AGF |
| WILBERT WEAVER, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Wilbert Weaver removed this pro se action from state court on federal officer removal grounds, 28 U.S.C. § 1442(a)(1). The matter is now before the Court on Defendant's motion (ECF No. 4) to dismiss for lack of subject matter jurisdiction. For the reasons discussed below, the Court will grant the motion in part and deny it in part.

## BACKGROUND

Plaintiff Rachel Harris filed a form "Petition for Order of Protection – Adult" pro se in Missouri state court on October 11, 2019. On the bottom of the form, sections of Missouri's Adult Abuse Act, Mo. Rev. Stat. § 455.010, et seq., are cited. In her petition, Plaintiff alleged that Defendant Wilbert Weaver, whom she described as a "coworker," stalked and harassed her, and followed her from place to place. Plaintiff further alleged that she works in the "General Accounting Branch" of the U.S. Post Office in downtown St. Louis; that Defendant is a Postal Service Police Officer; and that Defendant made unwanted contact with her both in her place of work and on the street outside of her workplace.

In her petition, Plaintiff checked boxes requesting that the state court issue an order of protection restraining Defendant from "committing or threatening to commit domestic violence, sexual assault, molesting, or disturbing the peace of [Plaintiff] wherever [she] may be found," stalking Plaintiff, entering her dwelling, entering her place of employment, coming within 100 feet of her, and "making any unwanted gestures, speaking, smiling, etc."  ECF No. 1–5 at 3.

Defendant removed the case to this Court on October 30, 2019.  Defendant asserted that removal was proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[1]  In his notice of removal, Defendant claimed that the "acts alleged against [Defendant] Wilbert Weaver are causally related to his position as a Postal Police Officer at the United States Postal Service and are 'acts under color of office.'  None of [Plaintiff's] allegations concern conduct outside of the workplace."  ECF No. 1 at 2–3.

On November 5, 2019, Defendant filed the motion to dismiss for lack of subject matter jurisdiction now under consideration.  In support of his motion, Defendant asserts that because both Plaintiff and Defendant are federal employees and all of the behaviors complained of by Plaintiff occurred at their worksite, the only remedies available to Plaintiff are through the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §7501, et seq., and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §2000, et seq., statutes

---

[1] This statute provides that a "civil action . . . that is commenced in a State court and that is against or directed to . . . the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is was filed.  28 U.S.C. § 1442(a)(1).

which preempt any state law claims Plaintiff may bring relative to her employment. Plaintiff, according to Defendant, failed to establish that she exhausted the administrative remedies under either statute, and she failed to cite any other statutory basis for jurisdiction in the state court. For these reasons, Defendant argues, this Court lacks subject matter jurisdiction and the case should be dismissed.

In response, Plaintiff asserts that Defendant was not acting under the color of his office when he engaged in the conduct at issue. Further, Plaintiff contends that her state court petition specifically alleges stalking outside the workplace and outside of work hours, such as on the street before work. Plaintiff further alleges that the Missouri Adult Abuse Act reaches allegations of stalking by a co-worker.

In his reply brief, Defendant reiterates his arguments in support of dismissal and also raises a new argument, namely, that Plaintiff's claims are barred by sovereign immunity. Because this argument was raised for the first time in a reply brief, the Court gave Plaintiff the opportunity to file a supplemental response. *See* ECF No. 10. Plaintiff did so, and in her supplemental response, she asserts that sovereign immunity does not apply because Defendant was not acting as an officer of the United States when he engaged in the alleged stalking.

## **DISCUSSION**

"Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "[T]o properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its

averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, the plaintiff's allegations "are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

The Court first addresses the propriety of "federal officer" removal of this action. Four elements are required for removal under 28 U.S.C. § 1442(a)(1): "(1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between the defendant's actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a 'person,' within the meaning of the statute." *Jacks v. Meridian & Res. Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012) (citation omitted). All four elements are satisfied with respect to Plaintiff's allegations of workplace misconduct. *See Cubb v. Denise Belton*, No. 4:15–CV–676 JMB, 2015 WL 4079077, at *2 (E.D. Mo. July 6, 2015) (finding that postal employee's Adult Abuse/Stalking petition against his supervisor was properly removed under 28 U.S.C. § 1442(a)(1)).

The Court also agrees with Defendant that Plaintiff's allegations of workplace misconduct are barred by sovereign immunity.[2] The United States Postal Service enjoys federal sovereign immunity unless it waives such immunity. *Dolan v. U.S. Postal* Service, 546 U.S. 481, 484 (2006) (citations omitted). Further, "[a] suit against a

---

[2] In light of that finding, the Court need not reach Defendant's alternative argument that such allegations should be dismissed for failure to exhaust administrative remedies under the CSRA or Title VII.

4

government officer in her official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity." *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (unpublished) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Federal courts in this District and elsewhere have held that sovereign immunity applies to allegations of workplace stalking or harassment by a federal employee similar to Plaintiff's allegations here. *E.g., Young v. Frame*, No. 4:19CV16 RLW, 2019 WL 2437444, at *3 (E.D. Mo. June 11, 2019); *Haynie v. Bredenkamp*, No. 4:16-CV-773 (CEJ), 2016 WL 3653957, at *2 (E.D. Mo. July 8, 2016); *Hendy*, 555 F. App'x at 226; *Perkins v. Dennis*, No. CV TDC-16-2865, 2017 WL 1194180, at *2–3 (D. Md. Mar. 30, 2017).

These courts recognize that there are two possible sources of waiver: The Federal Tort Claims Act ("FTCA"), 62 Stat. 982 (1948), codified at 28 U.S.C. §§ 1346(b), 2671–2680, and the Postal Reorganization Act of 1970 ("PRA"), Pub.L. 91–375, 84 Stat. 722, codified at 39 U.S.C. § 101 et seq.; and neither applies to claims for injunctive relief that would prohibit a federal employee from entering his workplace. *E.g.*, *Hendy*, 555 F. App'x at 226 (explaining that the FTCA by its plain terms applies only to suits seeking money damages, rather than injunctive relief; and that the PRA does not waive immunity for state injunctive relief that would prevent a federal employee from coming to work because to do so would be "inconsistent with the principle of federal supremacy" and would "disturb the federal agency's internal functions"); *Haynie*, 2016 WL 3653957, at *2 (same). The Court agrees and concludes that Plaintiff's claims of workplace stalking are barred by sovereign immunity that has not been waived.

Therefore, the Court will dismiss those claims.

However, Plaintiff also alleges that Defendant stalked her outside the workplace, and it is not clear from the record before the Court that Plaintiff's allegations are limited to conduct undertaken while Defendant was on duty. *See, e.g.*, ECF No. 3 (state court petition seeking to prohibit Defendant from entering Plaintiff's dwelling and alleging stalking on a public street before work hours). To the extent Plaintiff's petition includes claims of stalking outside of Defendant's workplace, the allegations "negat[e] [the] causal element between [Defendant's] actions and official authority" that is required for federal officer removal. *See Haynie*, 2016 WL 3653957, at *1. Because no other basis for removal is alleged, the Court will remand those claims. *See, e.g.*, *id.* (remanding similar state-court petition for an order of protection to the extent the plaintiff alleged stalking outside the workplace because "removal of the claims arising from conduct outside the workplace was not authorized under 28 U.S.C. § 1442(a)(1)"); *Perkins*, 2017 WL 1194180, at *2–3 (noting that the state court order of protection prohibited the defendant from entering the plaintiff's home, in addition to the workplace, and that "to the extent that the Petition can be construed as seeking to address conduct outside the workplace, . . . such claims would not reasonably be construed as claims against [the defendant] in his capacity as a federal employee and thus would not implicate sovereign immunity," so remanding "such remaining claims to the state court").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED**

6

**in part**, with respect to Plaintiff's request for injunctive relief prohibiting Defendant from contacting Plaintiff at work or entering their mutual workplace, and is otherwise **DENIED in part** as set forth above. ECF No. 4.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **REMAND** any claims regarding conduct outside the workplace to the Circuit Court for the 22nd Judicial Circuit in which they were filed.

An order of partial dismissal will be separately entered.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2020.